Nos. 22-15029 and 22-15091

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

WILDEARTH GUARDIANS, et al.,
*Plaintiff-Appellants*,

v.

DEB HAALAND, et al.,
*Defendant-Appellees*,

and

NEW MEXICO DEPARTMENT OF GAME AND FISH,
*Intervenor-Defendant-Appellee.*

CENTER FOR BIOLOGICAL DIVERSITY, et al.,
*Plaintiff-Appellants*,

v.

DEB HAALAND, et al.,
*Defendant-Appellees*,

and

NEW MEXICO DEPARTMENT OF GAME AND FISH,
*Intervenor-Defendant-Appellee.*

On Appeal from the United States District Court
for the District of Arizona
No. CV-18-00048-TUC-JGZ (consolidated with CV-18-00047-TUC-JGZ)
Hon. Jennifer G. Zipps

**APPELLANTS' PETITION FOR PANEL REHEARING**

Matthew K. Bishop
Western Environmental Law Center
103 Reeder's Alley
Helena, MT 59601
(406) 324-8011
bishop@westernlaw.org

Kelly E. Nokes
Western Environmental Law Center
P.O. Box 218
Buena Vista, CO 81211
(575) 613-8051
nokes@westernlaw.org

*Attorneys for Appellant*
WildEarth Guardians, et al.

Elizabeth B. Forsyth
Earthjustice
810 3rd Ave #610
Seattle, WA 98104
(213) 766-1067
eforsyth@earthjustice.org

Timothy J. Preso
Earthjustice
313 East Main Street
Bozeman, MT 59715
(406) 586-9699
tpreso@earthjustice.org

*Attorneys for Appellant*
Center for Biological Diversity, et al.

## INTRODUCTION

Pursuant to Federal Rule of Appellate Procedure 40, Plaintiff-Appellants hereby petition for panel rehearing to urge the Court to follow its "established practice" when a case becomes moot while on appeal and vacate the district court's challenged rulings. *Native Vill. of Nuiqsut v. Bureau of Land Mgmt.*, 9 F.4th 1201, 1216 (9th Cir. 2021). Specifically, Plaintiff-Appellants respectfully request that the Court vacate all but the last paragraph of Section III.B of the district court's March 30, 2019 decision, and Sections IV.C.1 and IV.C.3 of the district court's October 14, 2021 decision.

## BACKGROUND

This case challenged the 2017 Mexican Wolf Recovery Plan on the grounds that it failed to comply with the mandates of section 4(f) of the Endangered Species Act ("ESA"), 16 U.S.C § 1533(f). On March 30, 2019, in response to a motion by Defendant-Appellees (collectively, the U.S. Fish and Wildlife Service or "Service"), the district court dismissed Plaintiff-Appellants' claims challenging the plan's failure to provide for the "conservation and survival" of Mexican wolves as required by section 4(f)(1), stating that the "allegations are, in essence, disagreements with the [Service's] determination as to how to best provide for the conservation and survival of the Mexican gray wolf – which are determinations within the agency's discretion

1

and therefore unreviewable under the ESA's citizen-suit provision." Dkt 21-2 at 1-ER-0037, 1-ER-0049. The district court also concluded that "a recovery plan does not have to be based on the 'best available science,'" *Id.* at 1-ER-0036, 1-ER-0048, and therefore dismissed Plaintiff-Appellants' claims to the extent that they challenged the Service's failure to base the delisting criteria in the 2017 Recovery Plan on the best available science. The district court permitted Plaintiff-Appellants to proceed, however, with their claims that the Plan failed to include any "objective measurable criteria" or "site-specific management actions" that respond to identified threats facing Mexican wolves. *Id.* at 1-ER-0037–38, 1-ER-0049–50.

On October 14, 2021, the district court ruled on summary judgment in favor of the Center for Biological Diversity *et al.* plaintiffs' claim that the 2017 Recovery Plan failed to include site-specific management actions addressing illegal killing of Mexican wolves, and it remanded the 2017 Plan to the Service to correct this failing. Dkt 21-2 at 1-ER-0015–19, 26. However, the district court rejected the Center for Biological Diversity *et al.* plaintiffs' claim that the plan failed to include objective, measurable delisting criteria to address illegal killings. In so doing, the court again held that the Center's arguments as to the lack of objective, measurable criteria to address illegal killings "challenge the Service's determination of how to best provide for conservation of the Mexican wolf, which is a determination within the agency's

discretion and therefore unreviewable." *Id.* at 1-ER-0020. The district court also rejected the WildEarth Guardians *et al.* plaintiffs' claims that the plan failed to include delisting criteria that address all of the threats facing the species, such as genetic threats, human-caused killings, inadequate regulatory mechanisms, and habitat needs. *Id.* at 1-ER-0019–25.

Plaintiff-Appellees filed timely appeals in January, 2022 of both the district court's rulings on the motion to dismiss and on summary judgment on the issues of whether a recovery plan is reviewable for whether it provides for "conservation and survival" of the species, and whether delisting criteria in recovery plans must utilize the best available science. Dkt 21-3 at 2-ER-0055, 2-ER-0072.

On September 13, 2022, the Service released a revised Mexican Wolf Recovery Plan. *See* Dkt 47 at 1. The Service then moved this Court to dismiss the appeal as moot, *see id.,* which a Ninth Circuit motions panel denied "without prejudice to the merits panel's consideration." Dkt 54. At oral argument on the merits held before this Court on June 5, 2023, counsel for Plaintiff-Appellants' requested "if the Court rules against us on mootness, we would respectfully request that you vacate those district court opinions [that were on appeal]." Oral Argument Videorecording 46:06-46:12. On December 13, 2023, this Court entered an order dismissing Plaintiff-Appellants' appeals as moot on the basis that the 2022 Plan

superseded the 2017 Plan at issue in these appeals, but it did not address Plaintiff-Appellants' request for vacatur. Dkt 69-1.

On December 22, 2023, Plaintiff-Appellants filed a motion under Federal Rule of Appellate Procedure 42(b)(3) to vacate the portions of the district court's rulings that Plaintiff-Appellants challenged on appeal. Dkt 70. In response, the Service and Defendant-Intervenor-Appellee asserted that a motion under Federal Rule of Appellate Procedure 42(b)(3) is not the proper procedural vehicle to move for vacatur of the lower court's rulings. *See* Dkts 75, 76. To resolve any possible issue on this point, and out of an abundance of caution, Plaintiff-Appellants now also request panel rehearing on the same grounds. Specifically, Plaintiff-Appellants respectfully request panel rehearing so that the Court may vacate all but the last paragraph of Section III.B of the district court's March 30, 2019 decision, which dismissed, as unreviewable, Plaintiff-Appellants' claims (1) challenging the 2017 Recovery Plan's failure to provide for the conservation and survival of Mexican wolves and (2) challenging the Service's failure to base the 2017 Recovery Plan's delisting criteria on the best available science. Dkt 21-2 at 1-ER-0027-51. In addition, Plaintiff-Appellants respectfully request that the Court vacate sections IV.C.1 and IV.C.3 of the district court's October 14, 2021 summary judgment decision, which relied on these prior rulings. *Id.* at 1-ER-0020 ("The Court

concludes that these arguments challenge the Service's determination of how to best provide for conservation of the Mexican wolf, which is a determination within the agency's discretion, and therefore unreviewable. *See Ctr. for Biological Diversity*, 399 F. Supp. 3d at 949."); *Id.* at 1-ER-0025 ("The Court is not authorized to determine whether the Service's means of addressing genetic threats is the best. *See Ctr. for Biological Diversity*, 399 F. Supp. 3d at 946–49 (holding that the Service is not required to include any particular suggestion that one might deem necessary for conservation of a species).").

## ARGUMENT

Petition for panel rehearing is appropriate here because the Court has overlooked its "established practice" when a civil case becomes moot on appeal of vacating the district court's challenged rulings. *Native Vill. of Nuiqsut*, 9 F.4th at 1216; Federal Rule of Appellate Procedure 40(a)(2) (explaining that panel rehearing is appropriate when the Court has overlooked a point of law). The Court should now follow this established practice and vacate the district court rulings that Plaintiff-Appellants challenged.

Vacatur is essential to ensuring fairness to Plaintiff-Appellants because "[a] party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the

judgment." *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994). For this reason, "[w]hen a case becomes moot on appeal, the 'established practice' is to reverse or vacate the decision below with a direction to dismiss." *NASD Disp. Resol., Inc. v. Jud. Council of State of Cal.*, 488 F.3d 1065, 1068 (9th Cir. 2007) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997)); *Native Vill. of Nuiqsut*, 9 F.4th at 1216. This principle stems from the equitable need to preserve the rights of appealing parties whose opportunity to seek appellate relief was terminated, through no fault of their own, due to the mooting action of another actor or party. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 40, (1950) ("[t]hat procedure . . . eliminates a judgment, review of which was prevented through happenstance . . . [and] the rights of all parties are preserved . . . ."); *Bancorp*, 513 U.S. at 25. This Circuit has adopted this practice as "automatic," *Dilley v. Gunn*, 64 F.3d 1365, 1369 (9th Cir. 1995), and applied it broadly, vacating moot lower court decisions when mootness was not caused by the appealing party. *See, e.g., In re Pattullo*, 271 F.3d 898, 902 (9th Cir. 2001); *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1032 (9th Cir. 2006); *see also Mayfield v. Dalton*, 109 F.3d 1423, 1427 (9th Cir. 1997) ("In deciding whether to vacate a prior judgment in a case rendered nonjusticiable, the pivotal question is 'whether the party seeking relief from the judgment below caused the [nonjusticiability] by voluntary action.'").

This Circuit has also specifically vacated district court judgments in cases involving federal agency actions that cause mootness, with facts similar to those in this case. For example, in *Alliance for the Wild Rockies v. Savage*, the appellants appealed an adverse summary judgment ruling on their claim that, among other things, the Endangered Species Act required the U.S. Forest Service to reinitiate a consultation process. *All. for the Wild Rockies v. Savage*, 897 F.3d 1025, 1029 (9th Cir. 2018). While the appeal was pending, the Forest Service reinitiated and completed consultation, mooting appellants' claim that reinitiation of consultation was required. *Id.* This Court ruled that the reinitiation of consultation claim was moot and accordingly vacated that portion of the district court's summary judgment decision. *Id.* at 1032. The Court reasoned that "[w]hen mootness is caused by the party seeking vacatur," it generally remands the case for the district court to weigh the equities, but "[w]hen mootness is not caused by actions of the party seeking vacatur, [it] typically will vacate the district court's order." *Id.* Because the mootness in that case was caused by actions of the federal agency appellee-defendants, vacatur of the relevant portions of the district court's decision was appropriate. *Id.*; *see also Ctr. for Biological Diversity v. Lohn*, 511 F.3d 960, 966 (9th Cir. 2007) (vacating the portion of the district court's summary judgment decision that plaintiffs appealed

7

from after the agency mooted the appeal by listing the Southern Resident killer whale as an endangered species).

Applying the same reasoning, vacatur is warranted in this case. Plaintiff-Appellants lost on the issues on appeal before the district court and they have been denied an opportunity to seek reversal of the district court's challenged rulings because of Federal Appellees' issuance of a revised recovery plan. Plaintiff-Appellants accordingly request that this Court vacate all but the last paragraph of Section III.B of the district court's March 30, 2019 decision and vacate Sections IV.C.1 and IV.C.3 of the district court's October 14, 2021 decision.

Respectfully submitted this 16th day of January, 2024,

/s/ *Elizabeth B. Forsyth*
Elizabeth B. Forsyth
Earthjustice
810 3rd Ave #610
Seattle, WA 98104
(213) 766-1067
eforsyth@earthjustice.org

Timothy J. Preso
Earthjustice
313 East Main Street
Bozeman, MT 59715
(406) 586-9699
tpreso@earthjustice.org

*Attorneys for Appellant*
Center for Biological Diversity, et al.

*/s/ Kelly E. Nokes*
Kelly E. Nokes
Western Environmental Law Center
P.O. Box 218
Buena Vista, CO 81211
(575) 613-8051
nokes@westernlaw.org

Matthew K. Bishop
Western Environmental Law Center
103 Reeder's Alley
Helena, MT 59601
(406) 324-8011
bishop@westernlaw.org

*Attorneys for Appellant*
WildEarth Guardians, et al.

# CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January, 2024 I electronically filed the foregoing document with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case will be served by the appellate CM/ECF system.

/s/ Elizabeth B. Forsyth

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document contains 2,070 words, excluding items exempted by FRAP 32(f). The brief's type size, word count, and typeface comply with FRAP 40(b) and Circuit Rule 40-1(a). Per Circuit Rule 40-1, a copy of the panel's order accompanies this request.

/s/ Elizabeth B. Forsyth

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILDEARTH GUARDIANS, a non-profit organization; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> DEB HAALAND, as Secretary of the Department of the Interior; et al., <br><br> Defendants-Appellees, <br><br> NEW MEXICO DEPARTMENT OF GAME AND FISH, <br><br> Intervenor-Defendant-Appellee. | No. 22-15029 <br><br> D.C. No. 4:18-cv-00048-JGZ <br><br> MEMORANDUM* |
| CENTER FOR BIOLOGICAL DIVERSITY; et al., <br><br> Plaintiffs-Appellants, <br><br> and <br><br> WILDEARTH GUARDIANS, a non-profit organization; WESTERN WATERSHEDS PROJECT, a non-profit organization, | No. 22-15091 <br><br> D.C. Nos. 4:18-cv-00047-JGZ <br> 4:18-cv-00048-JGZ |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     Plaintiffs,

 v.

DEB HAALAND, as Secretary of the Department of the Interior; et al.,

    Defendants-Appellees,

 and

NEW MEXICO DEPARTMENT OF GAME AND FISH,

   Intervenor-Defendant-Appellee.

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Argued and Submitted June 5, 2023
San Francisco, California

Before: MILLER and KOH, Circuit Judges, and MOLLOY,[**] District Judge.

Plaintiffs WildEarth Guardians, Center for Biological Diversity, and other environmental organizations and allied individuals (collectively the Conservation Groups) appeal the district court's dismissal of their claims alleging that the 2017 Mexican Gray Wolf Recovery Plan (the 2017 Plan) failed to comply with certain

---

  [**] The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

2

mandates of the Endangered Species Act (ESA). *See* 16 U.S.C. § 1533(f)(1). In 2022, while this appeal was pending, the Fish and Wildlife Service issued an updated recovery plan (the 2022 Plan). Because the 2017 Plan has now been superseded by the 2022 Plan, we dismiss this appeal as moot.

We review the mootness of a case de novo. *Wilson v. Lynch*, 835 F.3d 1083, 1091 (9th Cir. 2016). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 862 (9th Cir. 2017) (quoting *Ruiz v. City of Santa Maria*, 160 F.3d 543, 549 (9th Cir. 1998) (per curiam)). "An action 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Id.* (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)).

This case is moot because effective relief can no longer be granted. The Conservation Groups challenged the adequacy of the 2017 Plan, which no longer has any legal effect. *See Chafin*, 568 U.S. at 172 ("[A] suit becomes moot[] 'when . . . the parties lack a legally cognizable interest in the outcome'" (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). It is well established that the supersession of an agency order moots any challenges to the original order. *See Grand Canyon Tr. v. United States Bureau of Reclamation*, 691 F.3d 1008, 1017 (9th Cir. 2012), *as amended* (Sept. 17, 2012) (collecting cases in which "the

3

issuance of a superseding [biological opinion under the ESA] moots issues on appeal relating to the preceding [biological opinion]").

In arguing that this case continues to present a live controversy, the Conservation Groups rely on *350 Montana v. Haaland*, 50 F.4th 1254 (9th Cir. 2022). In that case, the plaintiffs challenged the Department of Interior's approval of a mine expansion, arguing that the 2018 Environmental Assessment (EA) underlying the approval was flawed. *Id.* at 1261. The plaintiffs prevailed in part in the district court, which vacated the 2018 EA, directing the agency to consider an additional risk. *Id.* The district court did not vacate the mine-expansion approval. *Id.* While the plaintiffs' appeal was pending, the agency issued a revised 2020 EA, which expressly incorporated the 2018 EA, but added a discussion of the additional risk in accordance with the remand order. *Id.*; *see also id.* at 1264. We held that the appeal was not moot because "[t]he 2018 EA pertaining to the Mine Expansion ha[d] neither disappeared nor been replaced," but instead "[t]he relevant portions of it were expressly incorporated into the 2020 EA and reissued" such that "we retain[ed] the ability to order relief." *Id.* at 1264.

This case differs from *350 Montana* in two ways. First, the 2020 EA in *350 Montana* remained unchanged from the 2018 EA in all respects "[s]ignificant for purposes of th[e] appeal." 50 F.4th at 1264; *see also Kescoli v. Babbitt*, 101 F.3d 1304, 1308–09 (9th Cir. 1996) (concluding that a challenge to a permit condition

4

was not moot because the relevant challenged condition had been reiterated in the new permit). By contrast, the 2022 Plan altered aspects of the 2017 Plan that may be relevant to the Conservation Groups' challenges. For instance, the Conservation Groups seek review of whether the recovery plan provides for the "conservation and survival" of the species. *See* 16 U.S.C. § 1533(f)(1). That question cannot be answered by reviewing one part of the plan in isolation; it requires a holistic assessment of how the entire plan works together to ensure the survival of the species. *See* 16 U.S.C. § 1532(3) (defining "conservation" as "the use of all methods and procedures which are necessary to bring any endangered species or threatened species to the point at which the measures provided pursuant to [the ESA] are no longer necessary"). Therefore, even if the changes to the 2022 Plan are modest, those changes, and the record that supported them, are relevant to determining whether "all methods and procedures" are being used to conserve the Mexican gray wolf.

Similarly, the Conservation Groups argue that certain aspects of the recovery plan are not based on the "best available science." But whether a decision was based on the best available science is inherently a time- and record-based inquiry. Even if most of the 2022 Plan is unchanged from the 2017 Plan, whether a plan developed in 2017 used the best science available at the time is not determinative of whether a plan developed five years later also used the best available science.

Second, the court in *350 Montana* retained the ability to grant relief because the plaintiffs challenged not only the EA, which had been vacated, but also the underlying approval of the mine expansion, which had not. 50 F.4th at 1260–61, 1264. In this case, by contrast, the relief the Conservation Groups seek is for the court to "[i]ssue a declaratory judgment that Defendants' adoption of the 2017 Recovery Plan for Mexican gray wolves violates section 4(f) of the ESA" and "[r]emand the 2017 Recovery Plan for Mexican gray wolves to Defendants." That relief would have no effect because the 2017 Plan no longer exists.

**DISMISSED.**